Deadejkiok, CR. J.,
delivered the opinion oí the count:
At the May term, 1874, of the circuit court of Claiborne county, Woodson was presented for carrying arms unlawfully.
. At the September term, 1875, he submitted, and on the 6th day of the month, as the bill of exceptions show's, the judgment of the court was that he be fined ten dollars, and confined thirty days in the county workhouse, and pay the costs of the prosecution. Defendant gave security for his appearance, as required by the statute [Shannon’s Code, sec. 7224], at the next term of the circuit court, and appealed from the judgment, and was discharged under his bond. On the 11th day of September, the court changed the judgment from confinement in the county workhouse to confinement in the county jail, under the idea that the judgment theretofore rendered was not authorized by our statutes.
Whether the judgment was authorized or not, after it had been rendered and appealed from and bond given by defendant for his future appearance, upon which he was discharged, the circuit court lost all further jurisdiction of the cause, by reason of appeal and other proceedings mentioned, and the cause, in legal contemplation, was transferred to this court, and any subsequent judgment pronounced by that court in such cause was a nullity. We are of opinion, however, that the judgment pronounced on the 6th of September, was a valid judgment, under secs. 5413 to 5417 of the Code. [Shannon’s Code, secs. 7393--7397. See, also, secs. 7417--7421], which authorize the court, in its discretion, to substitute imprisonment for punishment in the county workhouse, in all cases where a defendant is liable to be imprisoned in the county jail, and directing -that he shall be detained in the workhouse, after the term of his imprisonment has expired, until the fine *86 and costs arc paid; and tliis, whether the confinement, for punishment, he in the county jail or workhouse. [The courts have no discretion now, hut shall sentence to confinement at hard labor in the county workhouse instead of county jail. See Shannon’s Code, sec. 7417.]
Bui, upon facts disclosed in the record, the defendant seems to have been o. boy, foolishly flourishing and snapping an empty pistol at persons of his acquaintance, and deserves punishment for his folly. But we think the payment of the fine and costs will be a sufficient warning to him for this, perhaps his first, offense, and we will remit the imprisonment upon his paying or securing the fine and costs, otherwise the judgment of the court below will be carried out as rendered, and the cause will be remanded for the execution of the judgment as modified.